BOYD v. EMPLOYMENT SECURITY COMMISSION.

CLEVELAND v. SAME.

1. UNEMPLOYMENT COMPENSATION—TEMPORARY EMPLOYEES—STATE EMPLOYEES—STATUS.

Unemployment compensation claim filed by employees of State of Michigan who were hired for a period that was not to last 8 months or 34 consecutive calendar weeks, but whose actual employment lasted longer than 8 months or 34 consecutive calendar weeks *held*, properly denied, status being determined as of the time of hiring and not duration of employment, where employees had not attained permanent civil service status (CLS 1961, § 421.42[o]).

2. STATUTES—VALIDITY PRESUMED.

Legislative acts are presumed valid.

3. SAME — UNEMPLOYMENT COMPENSATION — CONSTITUTIONALITY — CLASSIFICATION.

Unemployment compensation statute that distinguishes individuals in the employ of the State and individuals in the employ of other employers and that distinguishes between State employees with civil service status and those without civil service status *held*, not arbitrary and capricious, where the statute affects all persons similarly situated in the same occupation without discrimination (US Const, Am 14; Mich Const 1963, art 2, § 1; CLS 1961, § 421.42).

4. UNEMPLOYMENT COMPENSATION — DISCRIMINATION — TEMPORARY EMPLOYEES OF STATE.

Unemployment compensation statute, providing that State employees hired for temporary work of less than 8 months' dura-

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 34.
[2] 50 Am Jur, Statutes §§ 170, 171, 195; 16 Am Jur 2d, Constitutional Law § 137 *et seq.*
[3, 4] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 3.
[5] 16 Am Jur 2d, Constitutional Law §§ 150, 168, 169.
[6] 5 Am Jur 2d, Appeal and Error § 1009.

tion, *held,* not discriminatory, where statute does not discriminate between employees within the class of temporary State employees (CLS 1961, § 421.42[o]).

5. STATUTES—CONSTITUTIONALITY—MOTIVE OF LEGISLATURE.

Court of Appeals will not question motive of legislature so long as legislation is not offensive to Constitution.

6. COSTS—PUBLIC QUESTION—UNEMPLOYMENT COMPENSATION—TEMPORARY STATE EMPLOYEES.

No costs are allowed by Court of Appeals upon affirmance of order denying unemployment compensation to persons hired as temporary State employees, where a public question was involved (CLS 1961, § 421.42[o]).

Appeal from Wayne; Rashid (Joseph G.), J. Submitted Division 1 December 8, 1965, at Detroit. (Docket Nos. 61, 62.) Decided May 11, 1966.

Grace H. Boyd presented a claim for unemployment compensation following dismissal from employment at Michigan Employment Security Commission. Claim denied. Appeal to Employment Security Commission Appeal Board. Claim denied. Similar case by Marie Cleveland. Certiorari to Wayne Circuit. Cases consolidated for trial and appeal. Claims denied. Plaintiffs appeal. Michigan Civil Service Commission intervenes asking for dismissal. Affirmed.

*Thomas Rosender,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John J. Long,* Assistant Attorney General, for defendants Michigan Employment Security Commission Appeal Board and Michigan Employment Security Commission.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Arthur W.*

*Brown,* Assistant Attorney General, for Michigan Civil Service Commission, intervenor asking for dismissal.

Burns, J. Grace Boyd was hired by the Michigan employment security commission [MESC] as a general clerk B on August 25, 1958, and was laid off on January 2, 1959. On December 20, 1960, she was rehired as a general clerk B by the MESC, and at that time was sent a letter stating in part:

"Your temporary employment with the Michigan employment security commission is on a day-to-day basis, not expected to last 8 months or 34 consecutive calendar weeks, and you are subject to termination without prior notice."

Mrs. Boyd continued to work for the commission until September 12, 1961, when she was dismissed for alleged absenteeism. At that time she had been employed for more than 8 months and more than 34 consecutive weeks.

Her appeal to the civil service commission was denied as she did not have civil service status and, therefore, was not eligible to appeal her dismissal.

Meanwhile she had duly filed a claim for unemployment compensation benefits, that claim being denied as she did not have civil service status.

Upon hearing before a referee it was found that although the claimant had passed her civil service examination and had been certified by the MESC to her position with the MESC-employer, her name was not high enough on the register for her to be considered for permanent employment. Therefore, at no time was she appointed to a permanent position while so employed, but remained as a temporary employee.

Further, the referee and the MESC appeal board held that they could not adjudicate the question of

status under the Michigan employment security act as such question is within the exclusive jurisdiction of the civil service commission and that the questions raised by the claimant regarding the constitutionality of the section in point were beyond the purview of the referee to decide. The referee held as a matter of fact and law that the claimant did not meet the eligibility requirements of the Michigan employment security act. This decision was affirmed by the MESC appeal board.

In the companion case, Marie Cleveland was first hired by the MESC on March 20, 1958 and was laid off January 17, 1959, due to lack of work. She was rehired on December 28, 1960, and, as in the Boyd case, was notified that her employment was temporary in nature and not expected to last 8 months or 34 consecutive calendar weeks. She worked for said employer until September 22, 1961, a period of more than 8 months or 34 consecutive weeks, at which time she was laid off because of lack of work. Her timely claim for unemployment compensation benefits under the Michigan employment security act was denied because of alleged lack of civil service status. The MESC referee found that she had passed her civil service examination and was certified by the Michigan civil service commission. However, it was determined that her name did not appear high enough in the register to be given consideration for permanent employment, and she did not gain status during this employment.

In this case, unlike the Boyd case, Marie Cleveland did not request a hearing before the MESC regarding her employer's denial of civil service status to her.

From these determinations the plaintiffs appeal, claiming in substance that since they had passed a civil service examination and had, in point of time,

been employed in excess of the probationary period, they had achieved full tenure and permanent status.

PA 1957, No 311, § 42(7), CLS 1961, § 421.42 (Stat Ann 1960 Rev § 17.545) states:

"The term 'employment' shall not include:  *  *  * (o) service performed after January 1, 1958, by persons hired by the State or any of its agencies for temporary work of less than 8 months duration."

This case is one of first impression in Michigan. However, this section makes patently clear what the legislature intended, that is, employees hired for temporary work of 8 months or less are not considered as being "employed" for the purpose of the civil service section of the constitution, Const 1908, art 6, § 22,[1] thus qualifying for unemployment compensation benefits. The fact that the appellants were in the service of the MESC in excess of the 8-month period is of no consequence. They could not have obtained permanent civil service status as neither placed high enough on the civil service examination. The statute is clear and unambiguous; the appellants were well aware of their temporary status. The statute is most expressive of legislative intent, as the word "hired" and not "employed" is used.

Appellants further contend that sections 42(7) and 19a[2] of the Michigan employment security act violate the equal protection clauses of US Const, Am 14, and Const 1963, art 2, § 1, in that the sections distinguish between: (1) individuals in the employ of the State and individuals in the employ of otherwise eligible employers within the State; and (2) individuals with civil service status employed by

---

[1] See, currently, Const 1963, art 11, § 5.

[2] "Notwithstanding any contrary provision of this act, the following provisions of this section shall apply to the State of Michigan and the political subdivisions thereof." CLS 1961, § 421.19a (Stat Ann 1960 Rev § 17.520[1]).

the State and individuals without such status employed by the State.

Legislative acts are presumed valid. *Rohan* v. *Detroit Racing Association* (1946), 314 Mich 326. Certainly it cannot be said that this section of the act is arbitrary or capricious. The legislature sought only to classify and exempt those persons hired on a temporary basis. There is but one requirement that the ordinance or statute must affect all persons similarly situated in the same occupation without discrimination. See *People's Appliance, Inc.,* v. *City of Flint* (1959), 358 Mich 34. Here to be sure, there is no discrimination *within this class of temporary employees.*

In *Burgess* v. *City of Detroit* (1960), 359 Mich 269, 280, our Supreme Court stated:

"This Court has many times held that legislation is not unconstitutional because it is legislation of a particular kind or character, or because it benefits a particular class, so long as the law operates equally upon those within the particular class."

Temporary employees fill a very definite public need. Their services are seasonal, or in this case, on an emergency basis. It is not for this Court to question the motives of the legislature so long as the legislation is not offensive to the Constitution.

The determination of the lower court is affirmed. There shall be no costs, a public question being involved.

WATTS, P. J., and J. H. GILLIS, J., concurred.